THE STATE *ex rel.* HOWARD v. SMITH, *City Auditor of St. Louis.*

St. Louis Criminal Court: JANITOR OF, RIGHT TO APPOINT. Under section 10 of the scheme for the separation of the city of St. Louis from St. Louis county, (R. S., pp. 1565, 1566,) and the ordinance of the city passed thereunder, the commissioner of the public buildings of said city, and not the St. Louis criminal court, has the right to appoint a janitor for said court.

*Appeal from St. Louis Court of Appeals*

REVERSED

*Leverett Bell* for appellant.

*T. B. Harvey* for respondent.

PER CURIAM.—This is a proceeding by mandamus, originally commenced in the St. Louis court of appeals, to com-

pel the respondent, the auditor of St. Louis, to draw two warrants on the treasurer of the city—one for $17.81 and the other for $55—in favor of the relator for services performed by him as janitor during the month of December, 1883, between the 22nd day thereof and the end of the month, and during the month of January, 1884, which services, it is claimed, were performed under an order of the criminal court of St. Louis appointing the relator janitor of the offices of the clerk of the circuit attorney and the judge and of the grand jury room. When that order was made the city of St. Louis had in its employment at the Four Courts building a janitor and four assistants, appointed by the commissioner of public buildings, with the approval of the president of the board of public improvements.

Section 10 of the scheme for the separation of the city and county of St. Louis transferred to the city all the public buildings controlled by the county within the city limits, and required the municipal assembly of the city to make provision for the management of said property. By an ordinance of the city it is made the duty of the commissioner of public buildings " to make all necessary arrangements and regulations for the care and cleaning of the city hall, the court house, jail and Four Courts," etc. And by the same ordinance he is authorized to appoint janitors for said buildings, subject to the approval of the president of the board of public improvements, and said janitors are required to give bond to the city in the penal sum of $1,000, for the faithful performance of their duties. The court of appeals found that nothing whatever was shown, or charged against the integrity or capacity of Brown, the assistant assigned by the chief janitor, to the rooms in question, but that the judge and other officers of the criminal court preferred the relator, Howard, and were unwilling to trust Brown in the position; and the judgment in the court of appeals in relator's favor is based upon the ground that no appointment of a janitor for the criminal court not accept-

able to the judge of that court is a proper appointment, and he may reject the appointee and appoint another.

We do not concur in that view of the law. The criminal court is a statutory court, deriving its jurisdiction and authority from the statute creating it, and can have no authority expressly withheld from it, or conferred upon another. Whether, if there was no provision of law for the appointment of a janitor for that court, the judge might appoint one, is not a question before us. For the purpose of the argument, that power in the court might be conceded; but the statute has given the control of the Four Courts building to the city, and the city has by ordinance, duly passed, provided for the appointment of janitors by the commissioner of public buildings, subject to the approval, not of the judge of the criminal court, or the circuit attorney, but of the president of the board of public improvements.

Whether, if an incompetent or unsuitable person should be appointed by the city authorities, the judge of the criminal court could reject him and appoint another, is another question not presented by this record, and it will be time enough to determine it when properly before us. We can readily see how an obstinate commissioner of public buildings can annoy and embarrass the judge of the criminal court by his appointment of a janitor, but cannot imagine why that officer, without any regard to the pleasure of the judge of the criminal court, but in disregard of his remonstrance, should appoint a person obnoxious to him and the other officers of that court; but the law has given him the power and the court cannot deprive him of it, or prevent him from arbitrarily and offensively exercising it. If the custodian of the records of that court feels that they are unsafe with such a janitor, he must adopt some legal measure for their security.

The judgment of the court of appeals awarding a peremptory writ of mandamus against the respondent is reversed